value of the merchandise as disclosed by the record in this case does not meet the requirements of satisfactory proof of good faith which will support appellee's petition for remission under the statute. *National Silk Spinning Co., Inc.* v. *United States*, 28 C. C. P. A. (Customs) 24, 26, C. A. D. 119; *R. W. Gresham* v. *United States*, 27 C. C. P. A. (Customs) 106, C. A. D. 70.

There was a duty upon the appellee to seek information as to the correctness of his representation as to the value of the merchandise, and that duty was not performed by appellee. In the case of *R. W. Gresham* v. *United States, supra*, this court said (at p. 111):

> It has frequently been pointed out that the entrant of merchandise owes a duty to inform himself as to the correctness of his representations as to the value of his merchandise and that a showing of indifference to its proper value does not meet the requirements of satisfactory proof under the statute.

The trial court was in error in holding that because the evidence did not warrant a finding that the petitioner made entry with intent to defraud, the petition for remission should be granted. The petitioner has the burden to show affirmatively that the entry was made without intent to defraud. Under the rule of the authorities cited, we hold that petitioner failed to meet that burden. The judgment appealed from must be, and is, *reversed*.

Upon the record herein, following the decision in the *Corrigan* case, *supra*, we feel constrained to hold that petitioner herein has failed to meet the burden of showing affirmatively that the entry was made in this case without intent to defraud. The petition is therefore denied. Judgment will be rendered accordingly.

BEFORE THE FIRST DIVISION, FEBRUARY 28, 1952

No. 56428.—Tuck High & Co. *v.* United States, protests 8777–K and 55329–K (New York).

Opinion by OLIVER, C. J. It was stipulated that the merchandise consists of playing cards composed of synthetic resin similar in all material respects to the articles the subject of Abstract 55297. The claim at 20 percent under paragraph 1558 was therefore sustained.

No. 56429.—Cohen & Mann et al. *v.* United States, protests 981270–G, etc. (New York).

Opinion by OLIVER, C. J. It was stipulated that the merchandise consists of mah jong sets composed of synthetic resin similar in all material respects to the synthetic resin articles the subject of Abstract 54651. The claim at 20 percent under paragraph 1558 was therefore sustained.

No. 56430.—Chinatown Emporium, Inc., et al. *v.* United States, protests 15259–K, etc. (New York).

Opinion by OLIVER, C. J. It was stipulated that the merchandise consists of mah jong sets composed of synthetic resin similar in all material respects to the synthetic resin articles the subject of Abstract 54651. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 56431.**—D. C. Andrews & Co. et al. *v.* United States, protests 33120–K/89365, etc. (Chicago).

Opinion by OLIVER, C. J. It was stipulated that the merchandise consists of mah jong sets composed of synthetic resin similar in all material respects to the synthetic resin articles the subject of Abstract 54651. The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 56432.**—Charmeur Products, Inc. *v.* United States, protest 178177–K (New York).

Opinion by COLE, J. In accordance with stipulation of counsel that the merchandise consists of "Ichthyolsulfonate d'Ammonium" similar in all material respects to the ammonium ichthosulfonate passed upon in *United States* v. *Kachurin Drug Company* (39 C. C. P. A. 36, C. A. D. 459), the claim of the plaintiff was sustained.

**No. 56433.**—American Roland Corp. et al. *v.* United States, protests 173419–K, etc. (New York).

Opinion by COLE, J. The protests were dismissed.

**No. 56434.**—Fleming-Joffe, Ltd. *v.* United States, protest 134992–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of reptile skins the same in all material respects as those passed upon in *Fleming-Joffe, Ltd.* v. *United States* (25 Cust. Ct. 56, C. D. 1263), the claim for free entry under paragraph 1765 was sustained.

**No. 56435.**—Friedman Bros. *v.* United States, protest 149498–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of snakeskins the same in all material respects as those passed upon in *Fleming-Joffe, Ltd.* v. *United States* (25 Cust. Ct. 56, C. D. 1263), the claim for free entry under paragraph 1765 was sustained.